AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

PEPE LAM YUEN, Defendant

High Court of American Samoa
Trial Division

CR No. 51-87

June 19, 1989

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, TUIAFONO, Associate Judge.

Counsel: For Plaintiff, Barry I. Rose, Assistant Attorney General
For Defendant, William A. Reardon

This matter came on regularly for hearing upon the government's motion to revoke plaintiff's probationary status.

## Factual Background

Defendant, Pepe Lam Yuen, was convicted in the above-entitled matter of the offenses of fleeing from a police officer, and resisting arrest. Defendant was sentenced, inter alia, to prison terms respectively of six (6) months and twelve (12) months on the respective counts. Execution of the sentences was suspended and the defendant was placed on probation for a period of one (1) year upon a number of conditions. One of the conditions of probation required defendant to be a "law abiding citizen." Sentence was rendered July 29, 1988.

Within the period of probation, defendant was arrested and charged with the offense of production and cultivation of marijuana following a search undertaken by the police pursuant to a search warrant. On March 30, 1989 the defendant duly appeared for preliminary examination before the District Court. The District Court found probable cause to bind the defendant over to the High Court on the charge. The government moved to revoke probation on the grounds that defendant had

violated the probationary condition of remaining law abiding.

The extent of the government's case at the revocation hearing herein was the introduction of the reporter's transcript of the evidence taken at the preliminary examination. No other evidence was presented. The transcript revealed that the police had applied for and obtained a warrant to search a certain land area in the Western District for marijuana plants. The testifying police officer first related his training and experience with identifying such plants both by visual examination and by a certain chemical field test. Plants and seeds which the police found at the scene of the search, both indoors and outdoors, tested positive. The officer further testified that from previous surveillance with field glasses he had seen the defendant among the plantings and that on the day of the search, the defendant, after being verbally warned of his Miranda rights, admitted that the plants seized were his.

### The Argument

Defendant contends that the evidence presented in the transcript could not properly provide the required factual basis for revocation of his probationary status. The argument appears to revolve around the premise that the type of evidence admissible in a preliminary examination for probable cause is, by virtue of Court Rules of Criminal Procedure, Rule 5.1(a), invariably treated by the District Court as free of possible objection based on the exclusionary rule. Defendant argues that the exclusionary rule in American Samoa is constitutional and also applicable in probation revocation hearings. American Samoan Government v. Samana, 8 A.S.R.2d 1 (1988). It is further argued that the District Court had admitted, over objection, "evidence resulting from the search, which included alleged admissions by the defendant, and would not permit inquiry into whether the evidence and the admissions were lawfully obtained, thereby preventing the defendant from exercising his right to confront and crossexamine the witness on those issues." Defendant's Memorandum of Points and Authorities at 2. Defendant claims, therefore, that use of the transcript would be in violation of the exclusionary rule, the rule against self incrimination, and his right to confront witnesses.

Additionally defendant asserts a violation of his right to procedural due process.

### Discussion

For reasons given we disagree with defendant. The evidence presented by the police at the preliminary examination, namely the plants, was obtained through the "process" of a search warrant. Subsequent to the execution of the warrant, the defendant made certain inculpatory statements to the police. While it is true that the defendant was not permitted the opportunity to develop the possibility of exclusionary matters at the preliminary examination, we see no reason why such a possibility could not have been fully developed in the probationary revocation proceedings before us. A search warrant duly issued upon application is presumed valid unless otherwise shown to be to the contrary. An admission against interest has always been regarded as probative evidence unless otherwise shown to have been exacted involuntarily.

Defendant nonetheless claims that he is also deprived in these proceedings of the opportunity to explore the possibility of excludable matters because of the fact that the government had decided to introduce only the transcript and not call witnesses. The protest lodged is that one cannot cross-examine a transcript. The immediate problem with defendant's position is that, in sum, it suggests a duty on the government to anticipate a probationer's defenses and to gear its presentation accordingly. Obviously, there is no basis for prescribing such a prophetic duty on the government. and we see no barrier which prevents ab initio our consideration of the transcript of the evidence taken at the preliminary examination. Even assuming for the sake of argument that the evidence necessary to establish probable cause in a preliminary examination may be lesser in quality than that necessary to meet the standard of proof demanded in a probation revocation matter,[1] it does not follow that such evidence is therefore quantitatively inadequate to establish a finding that a probation condition has been breached.

---

[1] Cf. Territorial Court Rules of Evidence, Rule 5.1101(d)(3) which provides, inter alia, that the Rules of Evidence (other than with respect to privilege) are inapplicable to proceedings for revocation of probation.

The requirements of due process in parole revocation proceedings were addressed by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471 (1972). These included the parolee's right: to have the evidence against him disclosed to him; to be heard in person and to present witnesses and documentary evidence; and to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing such confrontation. *Id.* at 489. In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Court extended the rule established in *Morrissey* to probation revocation proceedings as well.

On the foregoing cases, we see that at the heart of the matter is the concern for basic fairness --- the non-arbitrary treatment of a probationer/parolee by the state. In the context of such proceedings, due process requirements were said to be flexible and dependent on the demands of each case. The Court was careful to point out in *Morrissey* that it would not attempt to write a national code of procedure in these matters. *Morrissey*, *supra*, 408 U.S. at 489.[2]

Further, the Court made clear in *Morrissey* that a parole revocation inquiry was a narrow one and that the process could be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial. *Morrissey*, *supra*, 408 U.S. at 489. Expanding on this in *Gagnon*, the Court pointed out that it had not intended in *Morrissey* to prohibit the use, where appropriate, of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence, although the Court did note that in some cases, there is simply no adequate alternative to live testimony. *Gagnon*, *supra*, 411 U.S. at 783 n.5.

In the present case, we are satisfied that this defendant knew precisely why the government had moved to revoke his probation (quite apart from the fact that he was duly noticed with the

---

[2]. In *Gagnon*, for example, the Court rejected the contention that the standards of due process (in a probation revocation proceeding) required the appointment of counsel in every case. *Gagnon*, *supra*, 411 U.S. at 787.

government's motion to revoke). He knew the extent of the evidence which the government had against him not only from the search, after which he made an inculpatory admission, but from the preliminary examination undertaken at the District Court. His claim therefore to being surprised had absolutely nothing to do with his ability or inability to meet the government's evidence in accordance with the notions of due process, but simply had to do with the fact that he had not anticipated the government's decision not to call the police officer who testified below. That officer was equally available to the defendant by subpoena if live testimony was considered crucial by the defendant. On the other hand, the government's decision to rely on the transcript of the officer's testimony taken in the District Court surely came within that flexibility referred to by the Supreme Court when it talked about "conventional substitutes for live testimony." Id.

Having considered the transcript of the police officer's testimony given in the District Court, and being satisfied that the evidence complained of was gained by the police through the due process of a duly issued search warrant, we find on the preponderance of the evidence before us that defendant, Pepe Lam Yuen, was involved with the cultivation of marijuana plants in violation of this Court's Order in the above-entitled matter that defendant shall remain a law abiding citizen throughout his term of probation.

The defendant, Pepe Lam Yuen, is hereby Ordered and Summoned to appear before this Court on July 24, 1989 at 9:00 a.m., for further disposition in accordance with the findings herein.